**\*AMENDED DLD-020**                                    NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 22-3382

_____

ANTHONY J. TESTA,
individually and as executor of the Estate of Rose Marie A. Testa,
S.L., M.M.M., P.E., and N.G.B.

v.

INTERNAL REVENUE SERVICE ("IRS"); DEPARTMENT OF JUSTICE ("DOJ");
FEDERAL BUREAU OF INVESTIGATION ("FBI"); SECRET SERVICE ("USSS");
DEPARTMENT OF HOMELAND SECURITY ("DHS"); CENTRAL INTELLIGENCE
AGENCY ("CIA"); NATIONAL SECURITY AGENCY ("NSA"); UNITED STATES
REGISTER OF COPYRIGHTS; DOE MONITORS; DOE FIELD AGENTS; DOE
HANDLERS; DOE IRS EMPLOYEES; DOE AGENT IN CHARGE, FBI-NEWARK;
DOE IMMEDIATE SUPERVISORS OF FBI SPECIAL AGENT JAMES SIMPSON,
JACK HOBAN, AND JOSEPH ACHACOSO; ATTORNEY GENERAL OF THE
UNITED STATES; DIRECTOR OF THE FBI; DIRECTOR OF THE USSS;
SECRETARY OF THE DHS; DIRECTOR OF THE CIA; DIRECTOR OF THE NSA;
COMMISSIONER OF THE IRS; and THE UNITED STATES

Anthony J. Testa, individually and as executor of the Estate of Rose Marie A. Testa,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:21-cv-02761)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 2, 2023

Before: JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: November 30, 2023)

_____

OPINION[*]

_____

PER CURIAM

Anthony J. Testa appeals from orders of the District Court dismissing his complaint and denying his motion for reconsideration. The Appellees have filed a motion for summary action. For the reasons that follow, we will grant the Appellees' motion and summarily affirm the District Court's orders.

I.

In 2021, Testa filed an 850-page complaint in the District Court, naming myriad federal-government agencies and individual officers and agents as defendants. Acting sua sponte, the District Court dismissed the complaint without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, expressly providing Testa with time to amend and detailed instructions on compliance with Rule 8. After receiving numerous extensions of time, Testa responded by filing a 1200-page amended complaint.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Defendants moved to dismiss the amended complaint, arguing that it failed to state a claim to relief and to comply with the District Court's prior order of dismissal. The District Court granted the motion and dismissed the complaint with prejudice, then denied Testa's motion for reconsideration. Testa timely appeals.[1] The Defendants-Appellees have filed a motion to summarily affirm the District Court's orders, to which Testa has filed a brief in opposition.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a dismissal for failure to comply with the requirements of Rule 8 and the denial of the motion for reconsideration for an abuse of discretion. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (Rule 8); Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) (reconsideration). We construe pro se filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and "are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019) (citation omitted). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] Testa's notice of appeal was timely filed as to the District Court's order denying reconsideration. See Fed. R. App. P. 4(a)(1). Testa's notice of appeal is also deemed timely as to the underlying order dismissing his complaint by operation of the separate-document rule. See Fed. R. Civ. P. 58(c)(2)(B); LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 223 (3d Cir. 2007).

3

## III.

We agree with the District Court's dismissal of Testa's complaint. Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." Westinghouse, 90 F.3d at 702 (quotation marks omitted). A complaint must "'be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search' of the nature of the plaintiff's claim[.]" Glover v. FDIC, 698 F.3d 139, 147 (3d Cir. 2012) (quoting Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990)).

In dismissing his original complaint without prejudice to amendment, the District Court gave Testa extensive instructions on compliance with Rule 8. Testa then added more than three hundred pages to his amended complaint. The District Court was well within its discretion to dismiss. See Garrett, 938 F.3d at 93 (explaining that "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint, particularly where a plaintiff declines an express invitation to better tailor her pleading").

We also discern no abuse of discretion in the District Court's denial of Testa's motion for reconsideration because he did not present a basis for it. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

4

For these reasons, we grant the Appellees' motion and will summarily affirm the District Court's judgment. Testa's "Motion for Habeas Relief" and any other pending motions or requests are denied.